UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WENDY ANN MARTIN,

                Plaintiff,

v.                                          Case No.  5:08-cv-30-Oc-10GRJ

BLESSED TRINITY CATHOLIC CHURCH,
BLESSED TRINITY ANGELS IN ARMS,
DIOCESE OF ORLANDO,

                Defendants.
_____

## ORDER

Pending before the Court is Plaintiff's Motion To Strike Defendant's Affirmative Defense To Plaintiff's Complaint. (Doc. 5.) Defendant has filed a Response And Opposition (Doc. 6) and, accordingly, this matter is ripe for the Court's review. For the reasons discussed below, Plaintiff's Motion To Strike Defendant's Affirmative Defense To Plaintiff's Complaint (Doc. 5) is due to be **DENIED**.

## DISCUSSION

This is an action for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) in which the Plaintiff names Blessed Trinity Catholic Church, Blessed Trinity Angels in Arms and the Diocese of Orlando as Defendants and joint employers of Plaintiff. An answer was filed by Thomas G. Wenski, as Bishop of the Dioceses of Orlando, a corporation sole,[1] in which the Defendant raised among other affirmative defenses, the Fourth Affirmative Defense alleging that

---

[1] The Defendant alleges that Blessed Trinity Catholic School and Blessed Trinity Angels in Arms are not legally recognized individual entities but are entities within the Diocese of Orlando.

"Plaintiff is estopped from bringing a cause of action under the Fair Labor Standards Act or from receiving time and one half for all hours worked in excess of forty because, among other things, she improperly reported her hours or [sic] work, accepted the denominated rate of pay, and/or failed to comply with the prevailing terms, conditions, policies, and procedures governing her employment, including the policies and procedures governing overtime."

Plaintiff contends that the estoppel defense is due to be stricken because an employee's rights under the FLSA are generally not subject to the defense of estoppel.[2] While Plaintiff is correct that generally the defense of estoppel is not recognized as a defense in an FLSA action, the defense as raised in this case is unique because of the juridical nature of the Defendant and because of the Plaintiff's relationship to the named entities within the Diocese.

The Defendant argues that the situation in this case is different from a typical FLSA case because the Diocese is a religious institution and not a business. As such, the Defendant contends that the parish and Plaintiff's work as a bookkeeper for the parish are not subject to the FLSA because the parish is not involved in commerce and Plaintiff's role at the parish was not involved in the production of goods for commerce or activities closely related and directly essential to the production of goods for commerce. The Defendant does not, however, claim that Plaintiff's employment as a bookkeeper for Angels in Arms is not subject to the FLSA. Because the Plaintiff has grouped all of the named defendants together it is unclear whether Plaintiff is claiming that she worked more than forty hours per week for Angels in Arms (a preschool) or whether she is

---

[2] Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945); Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 946 (2nd Cir. 1959).

grouping together work she performed at home or work she performed as a volunteer for the parish as part of her claimed overtime work for Angeles in Arms.

Consequently, based upon the unique factual scenario in this case, the Defendant may be able to assert the defense that Plaintiff should be estopped from including the volunteer hours she worked at home for Blessed Trinity Catholic Church as part of her total hours worked as a bookkeeper performing services for Blessed Trinity Angel in Arms. This argument is different from the usual estoppel defense in which a defendant raises estoppel based on the theory that Plaintiff failed to report her hours and thus this case differs from the usual case in which this court,[3] and other courts, have stricken the estoppel defense. As such, the Defendant should be permitted to advance the theory that the Defendant never had any reason to believe or know that the Plaintiff worked overtime hours because Defendant believed the services performed by Plaintiff were volunteer activities as part of her obligation as a parishioner of the church. Whether the facts as developed in this case will or will not support such a theory remains to be seen. However, at this early stage of the case, and based upon the bare bones of the defense as plead in the answer, the Court cannot say that in view of Plaintiff's dual relationship to the Defendant as an employee and as a parishioner of Blessed Trinity Catholic Church that the Defendant could not under any scenario support an estoppel defense.

While District courts have "broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)"[4] the standard for striking a defense is extremely high. "An

---

[3] Doc. 5, Ex. A.

[4] Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

3

affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove."[5] Where, as here, the court must resolve substantial questions of law or fact surrounding the defense, the court will not strike it.[6] As a general principle motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[7] Accordingly, because the Plaintiff's activities in this case as a bookkeeper for Angels in Arms and her stewardship activities may be closely intertwined the Court cannot as a matter of law conclude that Defendant could not succeed on any set of facts based upon the defense of estoppel.[8]

For the foregoing reasons, Plaintiff's Motion To Strike Defendant's Affirmative Defenses To Plaintiff's Complaint (Doc. 5) is due to be **DENIED.**

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on April 14, 2008.

Copies to:
   All Counsel

GARY R. JONES
United States Magistrate Judge

---

[5] Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing Equal Employment Opportunity Comm'n v. First Nat'l Bank, 614 F.2d 1004, 1008 (5th Cir. 1980)).

[6] IFC Credit Corp. v. Century Realty Funds, Inc., No. 8:05-CV-678-T-17, 2006 WL 435695, at *3 (M.D. Fla. Feb. 21, 2006) (quoting Reyher, 881 F. Supp. at 576); Lee v. Askin Trucking, Inc., No. 05-14335-CIV-MARRA/LYNCH, at *3 (S.D. Fla. Feb. 7, 2006) (citing United States v. Marisol, Inc., 725 F. Supp. 833, 386 (E.D. Pa. 1984)).

[7] Lee, at *3 (quoting Carlson Corp./Southeast v. School Bd. of Seminole County, 778 F. Supp. 518, 519 (M.D. Fla. 1991)).

[8] While the defense is couched in terms of estoppel, it is really a legal argument that the Defendant should not be permitted to claim services she performed as stewardship activities in her claim for overtime compensation.